Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3928 | **DATE** | 1/23/2012 |
| **CASE TITLE** | Ace Hardware Int'l Holdings Inc vs. Masso Expo Corp et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' Rule 54(b) motion to reconsider the Court's October 25, 2011 Memorandum Opinion and Order [49].

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' Rule 54(b) motion to reconsider the Court's October 25, 2011 Order denying Defendants' motion to transfer this case to the District Court of Puerto Rico. For the following reasons, the Court denies Defendants' motion.

## BACKGROUND

On October 25, 2011, the Court issued a Memorandum Opinion and Order denying Defendants' motion to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to transfer the action (the "October Order"). *See* R. 46; *Ace Hardware Int'l Holdings, Ltd. v. Masso Expo Corp*., No. 11-cv-3928, 2011 WL 5077686 (N.D. Ill. Oct. 25, 2011).[1] The Court denied Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) on the grounds that 1) venue in both Illinois and Puerto Rico is proper; 2) Defendants failed to meet their burden of proving that transfer to Puerto Rico will serve the convenience of the parties and witnesses and that it will promote the interests of justice. Specifically, the Court found that the private and public interest factors, as a whole, weighed in favor of Plaintiff's choice of venue in Illinois. *Id.* at *12-14.

On November 22, 2011, Defendants filed their motion to reconsider. Plaintiff filed its written response on January 4, 2012, and Defendants filed their written reply on January 18, 2012.

| Courtroom Deputy Initials: | KF |
|---|---|

[1] That Order contains a full discussion of the factual background of this case, and therefore the Court will not repeat that discussion here.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 54(b) permits the Court to exercise its inherent authority to reconsider its interlocutory orders. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc*., 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987); *Zurich Capital Mkt., Inc. v. Coglianese*, 383 F. Supp.2d 1041, 1045 (N.D. Ill. 2005). As the Seventh Circuit recently explained, "[i]t is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, --- F.3d ----, 2011 WL 6396542, at *11 (7th Cir. Dec. 21, 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990)). Because of these exacting standards, issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Packaging Supplies, Inc. v. Harley-Davidson, Inc*., No. 08 C 400, 2011 WL 5373975, at *3 (N.D. Ill. Nov. 4, 2011) (citing *Bank of Waunakee*, 906 F.2d at 1191). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

## ANALYSIS

Defendants argue that the Court's October Order "does not address" that Puerto Rico laws (in addition to Law 75) will be at issue in this case. R. 49 at 4-5. They further contend that the Court should reconsider its October Order in light of Magistrate Judge Velez-Rive's Opinion and Order (and subsequent adoption of same by District Court Judge Gelpi) (together, the "Puerto Rico Ruling") denying Ace's motion to transfer the Puerto Rico Action[2] to this Court. Specifically, Defendants argue that such ruling prohibits venue in Illinois for Plaintiff's claim in this case. (*Id.* at 6-8.) They also contend that the Court incorrectly relied on case law that pre-dates the First Circuit's opinion in *Rafael Rodriguez Barril, Inc. v. Conbraco Indus*., 619 F.3d 90, 94 (1st Cir. 2010) in holding that Plaintiff is not enjoined, as a matter of law, from bringing its lawsuit in a forum other than Puerto Rico. (R. 49 at 7-8.) Finally, they argue that if the Court does not transfer the case to Puerto Rico, Defendants will be inconvenienced. None of these arguments warrants reconsideration of the October Order.

### I. The October Order Expressly Considered, and Rejected, Defendants' Argument That Puerto Rico Laws May Be at Issue in This Case

Defendants argue that the Court should reconsider the October Order because it "does not address the fact that the choice of law provision in Law 75 will require that the Court apply not only Law 75, but also the Puerto Rico Civil Code, Mercantile Code and civil law doctrine as to the formation, amendment and interpretation of the

---

[2] All defined terms herein have the meaning the Court ascribed to them in the October Order. Ace Hardware Corporation and Ace Hardware International Holding, Ltd are defendants in the Puerto Rico Action, and the plaintiffs are Masso, Caguas, and nine other related entities. The plaintiffs in that action have asserted claims against Ace for, among other things, violations of Law 75. *See Caguas Lumber Yard, Inc. v. Ace Hardware Corp*., --- F. Supp.2d ----, 2011 WL 5525381, at *4 (D. P.R. Nov. 14, 2011).

contractual arrangement between the parties." (R. 49 at 5.) The Court, however, expressly considered and rejected this argument in the October Order. *See* 2011 WL 5077686, at *14 ("Even if Puerto Rico law applies to the parties' disputes, this factor alone does not warrant transfer."). Therefore, it is not an appropriate ground for reconsideration. *See Zurich Capital Mkts.*, 383 F. Supp.2d at 1045 ("[I]t is clear that motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling.") (citation omitted); *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments.").

## II. The Puerto Rico Ruling Does Not Warrant Reconsideration of the October Order

Defendants also submit that the Court should reconsider the October Order in light of the Puerto Rico Ruling, in which the court denied Ace's motion to transfer Masso's and Caguas' action against it to this Court. In the Puerto Rico Ruling, the court found that several of the §1404(a) public and private interest factors weighed in favor of transferring the Puerto Rico Action to this Court. The Magistrate Judge denied transfer, however, reasoning that Law 75 does not allow the court to transfer the case to Illinois because it prohibits the enforcement of forum selection clauses in Law 75 actions. *Caguas Lumber Yard,* 2011 WL 5525381 at *6. The court also noted in *dicta* that "defendant [Ace] is contractually prohibited from bringing this Law 75 claim in another forum. . . ." *Id.* For several reasons, the Court disagrees that the Puerto Rico Ruling requires the Court to reconsider the October Order.

First, the Puerto Rico Ruling is not binding on this Court, and the fact that this Court reached a different conclusion than the Puerto Rico District Court does not mean that the Court committed a manifest error of law. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (A manifest error "is the wholesale disregard, misapplication, or failure to recognize *controlling* precedent.") (emphasis added and internal citations omitted). Therefore, the Puerto Rico Ruling does not, as Defendants assert, "demonstrate[] without a doubt that this Court erred in the application of the law when it decided against the transfer." (R. 71 at 4.)

Second, with utmost respect to the Puerto Rico Magistrate Judge and District Court Judge, the Court respectfully disagrees with their interpretation of Law 75 and the parties' Membership Agreements for the reasons set forth in detail in the October Order. As the Court explained in that Order, Law 75 does not prohibit an Illinois principal, such as Plaintiff, from suing a Puerto Rican dealer, such as Masso or Caguas, outside of Puerto Rico. Law 75 provides as follows:

> Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.

P.R. Laws Ann. tit. 10, § 278b-2. In other words, pursuant to Law 75, a stipulation that *obligates* a Puerto Rican dealer to litigate claims outside of Puerto Rico is void as against public policy. *Id.* (emphasis added). As the Court held in the October Order, such a rule has no application here, where, as both parties freely admit, the forum selection clause in the Membership Agreements is *permissive* and therefore does not "obligate" Defendants to litigate outside of Puerto Rico.[3]

---

[3] Even assuming, for the sake of argument, that the forum selection clause in the Membership Agreement was mandatory, it would not necessitate a conclusion that venue in Illinois is improper. The plain language of § 278b-2 merely provides that the forum selection clause would be "null and void"—it does not, as Defendants argue, provide that the exclusive

## III. The Court Did Not Err By Relying on Case Law That Pre-Dates *Conbraco*

Defendants argue that the Court erred by relying on pre-*Conbraco* cases for the proposition that Plaintiff is not enjoined by law from bringing a lawsuit under the Membership Agreements in a forum other than Puerto Rico. Defendants' argument, however, is easily dispelled.

First, Defendants failed to cite *Conbraco* in their motion to dismiss in support of their argument that Plaintiff is enjoined from bringing this lawsuit outside of Puerto Rico. It was only after the Puerto Rico District Court cited *Conbraco* that Defendants decided to make this particular argument. Motions for reconsideration do not provide a party with the opportunity to take a second bite at the apple or raise new arguments that it did not make in the first instance. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion.") (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996)).

Second, the First Circuit's decision in *Conbraco* does not necessitate a different conclusion than the one the Court reached in the October Order. 619 F.3d 90 (1st Cir. 2010). *Conbraco* involved a case under Puerto Rico Law 21, not Law 75, and therefore its statements regarding Law 75 are *dicta*. *See P.R. Surgical Techs. v. Applied Med. Distrib. Corp*., No. 10-1797, 2010 WL 4237927, at *3, n.2 (D. P.R. Oct. 26, 2010) (granting motion to dismiss Law 75 case for improper venue based on mandatory forum selection clause, noting that the court's statements regarding Law 75 in *Conbraco* are *dicta*). Moreover, the First Circuit's comments in *Conbraco* regarding Law 75 stand only for the proposition that Law 75 prohibits the enforcement of mandatory forum selection clauses. Such commentary has no application here because, as discussed above, the forum selection clause in this case is permissive. Furthermore, even after the First Circuit's decision in *Conbraco,* Puerto Rico district courts have continued to hold that parties may litigate Law 75 cases outside of Puerto Rico. *See P.R. Surgical Techs.*, 2010 WL 4237927 at *3-4 (granting motion to dismiss Law 75 case based on improper venue in Puerto Rico); *Marpor Corp. v. DFO, LLC*, No. 10-1312, 2010 WL 4922693, at *5-6 (D. P.R. Dec. 2, 2010) (same). Those cases join the long line of pre-*Conbraco* cases in which Puerto Rico district courts routinely transferred Law 75 cases out of Puerto Rico. *See, e.g., Antilles Cement Corp. v. Aalborg Portland A/S*, 526 F. Supp.2d 205, 207-10 (D. P.R. 2007) (rejecting argument that Law 75 cases must be heard in Puerto Rico and enforcing Danish forum selection clause); *BMJ Foods*, 562 F. Supp.2d at 232-34 (transferring Law 75 claim to Texas in absence of forum selection clause); *Diaz-Rosado v. Auto Wax Co., Inc*., No. 04-2296, 2005 WL 2138794, *2-5 (D. P.R. Aug. 26, 2005) (transferring Law 75 case to Texas); *Maxon Eng'g Servs., Inc., v. U.S. Sci., Inc*., 34 F. Supp.2d 97, 100 (D. P.R. 1989) (transferring Law 75 case to Pennsylvania).

## IV. Defendants' Inconvenience Arguments are Unpersuasive

Defendants argue that if the Court does not reconsider the October Order and transfer this case to Puerto Rico, they will be inconvenienced by having to litigate in two separate forums. The Court recognizes that litigating in two separate forums will undoubtedly cause inconvenience to all parties, but such inconvenience is of Defendants' own making. By initiating a lawsuit against Ace in Puerto Rico several months *after* Ace filed its

---

forum for Law 75 actions is Puerto Rico. Without a forum selection clause, Plaintiff would be free to sue Defendants in either Illinois or Puerto Rico. *See Ace Hardware Int'l Holdings*, 2011 WL 5077686, at *12 (noting that venue is proper in either Illinois or Puerto Rico); *cf. BMJ Foods P.R., Inc. v. Metromedia Steakhouses Co.*, 562 F. Supp.2d 229, at 233-234 (D. P.R. 2008) (transferring case from Puerto Rico to Texas, in absence of forum selection clause, based on first-to-file rule and § 1404(a) factors).

lawsuit against them in Illinois, Defendants consciously chose to commence a separate litigation in a separate forum instead of filing counterclaims in this litigation. Therefore, their complaint of inconvenience is not well-taken. That said, should the parties wish to avoid such inconvenience, they are free to agree to proceed with both cases in a single forum.

## CONCLUSION

Defendants have failed to meet their heavy burden of demonstrating that reconsideration of the Court's October Order is warranted. Accordingly, the Court denies their motion.